Mr. David Ferguson Interim Director Bureau of Legislative Research State Capitol, Room 315 Little Rock, Arkansas 72201
Dear Mr. Ferguson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to deny release of employment records of a former Bureau of Legislative Research employee is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 — 25-19-109
(Repl. 2002 and Supp. 2005). Specifically, you have enclosed a copy of an e-mail request from a newspaper reporter seeking a copy of the former employee's personnel file "including any possible severance agreement." You state that you have denied the request for the following three reasons:
 1) Under A.C.A. § 25-19-105(b)(12), the documents are excluded from the release under the Freedom of Information Act because these are personnel records, and the disclosure of these personnel records would constitute a clearly unwarranted invasion of personal privacy;
 2) Records contain the home address of a nonelected state employee as excluded under A.C.A. § 25-19-105(b)(13); and
 3) Records are not employee's evaluation records or job performance records, and there is no "compelling public interest in their disclosure" as provided under A.C.A. § 25-19-105(c).
You ask that I determine under A.C.A. § 25-19-105(c)(3)(B)(i) whether your decision is consistent with the provisions of the FOIA and ask, if I determine that any of these records or parts of these records should be disclosed, to specifically identify the document and information and any advice I have regarding information that should be redacted.
RESPONSE
In my opinion your decision is inconsistent with the FOIA. Most of the records you have enclosed for my review are indeed "personnel records" for purposes of the FOIA. At least one record, however, and its related attachments, is in my opinion an "employee evaluation or job performance record" for purposes of the FOIA. With regard to the "personnel records," in my opinion your blanket denial of access to all of the requested personnel records is inconsistent with the FOIA. In my opinion the release of the personnel records would not constitute a "clearly unwarranted invasion of personal privacy." A number of these records, however, contain items of information that must be redacted, as noted below. The proper procedure is to delete the exempt portion and provide any reasonably segregable portion of the records. In my opinion the personnel records you have enclosed are all subject to inspection and copying with the redactions indicated below.[1] Your refusal to provide any of the records based upon, for example, the exemption for home addresses, is therefore contrary to the FOIA, in my opinion. With regard to the one document and related attachments that in my opinion is properly classified as an "employee evaluation and job performance record," in my opinion the record, with its attachments, is not subject to inspection and copying as the test for release of this category of records does not appear to have been met.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2003).
Given that the subject of the request is a former state employee, I believe documents containing information related to his former employment clearly qualify as "public records" under this definition.
The FOIA requires public records to be open to inspection and copying by citizens but also provides a lengthy list of records that are shielded from public inspection. In this regard the Act exempts from disclosure "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). This is the first exemption about which you have inquired.[2]
As I recently stated in Op. Att'y Gen. 2006-048, with regard to a similar request to review the personnel file of a former Bureau employee:
 Although the FOIA does not define the term "personnel records," as used therein, this office has consistently taken the position that "personnel records" are any records other than "employee evaluation or job performance records" (A.C.A. § 25-19-105(c)(1) (Supp. 2005)) that relate to the individual employee. See, e.g., Op. Att'y Gen. 2005-011. . . . [Footnote omitted.]
 Under the relevant statute, A.C.A. § 25-19-105(b)(12) (Supp. 2005), "personnel records" are open to public inspection and copying, except to the extent that disclosure would constitute "a clearly unwarranted invasion of personal privacy." The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court in Young noted the following in this regard:
 The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
 308 Ark. 593.
 If there is little public interest in information, however, the privacy interest will prevail if it is not insubstantial. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
Id. at 1-3.
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley, supra at 311. Determining whether a viable privacy interest exists requires an objective analysis and the fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. Nos. 2005-202; 2005-057; 2001-112; 2001-022; 1994-198; 1994-178; and 1993-055.
With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department of Defense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Id. at 312, quoting FLRA at 497.
As stated above, in my opinion the great majority of the records you have enclosed for my review are properly classified as "personnel records" for purposes of the FOIA. (One document and its related attachments, discussed below, is properly classified as an "employee evaluation or job performance record.") Most of the information contained in the records you have enclosed is in my opinion subject to inspection and copying under the FOIA. The release of the great majority of the information in the personnel records would not, in my opinion, amount to a "clearly unwarranted invasion of personal privacy." I have had occasion in previous opinions, including Ops. Att'y Gen. 2006-176
and 2006-048, to detail some of the types of information found in "personnel records" that is subject to inspection and copying under the test discussed above. Pertinent items upon which I have found the public interest to prevail are:
 • public employees' names, dates of hire, job titles and salaries (see, e.g., Op. Att'y Gen. 2004-225 and opinions cited therein);
 • education backgrounds, including schools attended and degrees received (Op. Att'y Gen. 2003-060);
 • work histories (Ops. Att'y Gen. 2006-165 and 2005-004, citing Op. Att'y Gen. 1995-113);
 • work e-mail addresses (Op. Att'y Gen. 2004-225);
 • listed telephone numbers, assuming there is no heightened privacy interest (Op. Att'y Gen. 2003-027);
 • documents related to any compensation a former employee receives in addition to their regular paycheck (Ops. Att'y Gen. 2006-048 and 1995-242);
 • contracts or agreements related to an employee's separation from employment (Ops. Att'y Gen. 1997-063 and 1988-078);[3]
 • notice of personnel action (Op. Att'y Gen. 2000-267);
 • job applications (Op. Att'y Gen. 2005-004);
 • resumes, including the names of personal references (Op. Att'y Gen. 2001-368 and 2001-091).
 • letters of recommendation (Op. Att'y Gen. 2003-381).
 • Resignation letters merely stating the employee's intent to cease employment on a certain date (Op. Att'y Gen. No. 2006-082).
 • Commendations written by third parties (i.e., by persons other than the employer)[4] (Ops. Att'y Gen. 2006-176 and 2003-153).
 • Grievance-type documents created spontaneously by employees or third parties and not at the instigation of the employer, to the extent nothing therein would constitute a clearly unwarranted invasion of personal privacy (Ops. Att'y Gen. 2003-360; 2003-359; 2003-078; 2000-166; 2000-058 and 99-026).
 • Documents reflecting general statements of agency policy (Op. Att'y Gen. 99-244).
Items pertinent to your request which must be redacted from the records under the A.C.A. § 25-19-105(b)(12) exemption for personnel records include:
 • marital status of employees and information about dependents (Op. 2001-080).
 • social security numbers (Op. Nos. 2005-004 and 1995-115);
 • date of birth (Op. 2005-160);
 • home addresses of non-elected state employees (A.C.A. § 25-19-105(b)(13);
 • unlisted telephone numbers (2005-114); and
 • Addresses and phone numbers of personal references listed on a resume or employment application, depending "upon whether they are listed or unlisted and any special privacy interests attendant thereto" (Ops. Att'y Gen. 2005-004; 2001-080 and 2000-306).
As noted above, the proper procedure when faced with documents containing both exempt and non-exempt information is to delete the exempt portion and provide any reasonably segregable portion of the records. This is in keeping with the language of the A.C.A. §25-19-105(b)(12) "personnel records" exemption, which applies only "to the extent" that disclosure would constitute a clearly unwarranted invasion of privacy (see A.C.A. § 25-19-105(b)(12)), and with A.C.A. § 25-19-105(f) (Supp. 2005), which provides as follows:
 (f)(1) No request to inspect, copy, or obtain copies of public records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information.
 (2) Any reasonably segregable portion of a record shall be provided after deletion of the exempt information.
 (3) The amount of information deleted shall be indicated on the released portion of the record and, if technically feasible, at the place in the record where the deletion was made.
 (4) If it is necessary to separate exempt from nonexempt information in order to permit a citizen to inspect, copy, or obtain copies of public records, the custodian shall bear the cost of the separation.
A blanket denial of access to personnel records is therefore inconsistent with the FOIA. See e.g., Op. Att'y. Gen. 2006-048. In my opinion, the personnel records you have enclosed are subject to inspection and copying with redactions for the items mentioned above.But see n. 1, supra.
One memorandum dated May 23, 1985, however, and its related attachments, appears to be an employee evaluation or job performance record.
The test for disclosure of such records is different than that for the release of "personnel records." As noted above, under the Arkansas FOIA, "personnel records" are generally open to inspection and copying by the public, except to the extent that their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12) (Repl. 2003). Conversely, "employee evaluation or job performance records" are generally closed to public inspection, except upon the occurrence of certain specified events. See Op. Att'y Gen.2006-071. "Employee evaluation or job performance records" are only open to public inspection if there has been a "final administrative resolution" of any "suspension or termination proceeding" at which the records in question "formed a basis for the decision to suspend or terminate the employee" and if there is a "compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1). Each of the criteria listed above must be present before "employee evaluation or job performance records" may be released under the FOIA.
The document mentioned above, along with its attachments, does not appear to meet this test. Specifically, two separate copies of a May 23, 1985 memorandum, along with the two pages of attachments, appear to be "employee evaluation or job performance records" for purposes of the FOIA. It does not appear that these records formed a basis for any suspension or termination of the former employee. Suspension or termination is a threshold requirement for release of "employee evaluation or job performance records." Ops. Att'y Gen. 2006-150; 2005-267; 2001-125; 97-189 and 97-154. Your decision to withhold release of this document is therefore consistent with the FOIA. As noted above, however, your blanket denial of access to the personnel records is inconsistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] There is one undated, unsigned document in the file that I cannot property classify without additional information. It appears to be a document detailing educational degrees received by various persons. Without knowing who created the document or the exact nature of its contents, I cannot properly determine its public or nonpublic status.
[2] You have not mentioned in your request A.C.A. § 10-3-305 (b) (Repl. 2002), adopted in 1949, which provides that: "All records, reports, and other matters before the committee or in the office of the Director of the Bureau of Legislative Research shall at all times during business hours be open to reasonable public inspection, except as to those matters which the Legislative Council has determined should be privileged." A recognized commentator on the FOIA has stated with regard to this provision and similar provisions that predate the FOIA that: "A plausible argument can be made that these discretionary disclosure statutes are not specific exemptions to the FOIA, because they permit disclosure at the discretion of the agency and thus do not require nondisclosure. The argument has some force, at least where a particular statute predates enactment of the FOIA, in light of the notion of implied repeal and the rule that FOIA exemptions are to be strictly construed." Watkins and Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (Fourth Ed. m m Press 2004) at 226. In addition, it is in my opinion doubtful whether this provision could have applicability to the type of personnel records at issue herein, which are addressed more specifically by the A.C.A. § 25-19-105(b)(12) exemption. Similarly, you have not mentioned any possible applicability of A.C.A. § 25-19-105(b)(7) (Supp. 2005), which exempts "unpublished memoranda, working papers, and correspondence of . . . members of the General Assembly. . . ." Although some of the documents you have enclosed are addressed to or signed by members of the General Assembly, I and my predecessors have previously indicated that this exemption is of limited applicability in the context of personnel records. See e.g., Ops. Att'y. Gen. 2005-294 and 98-234.
[3] I should also mention A.C.A. § 25-1 8-401 in this regard, which provides that: "No public official or employee acting in behalf of a governmental agency or another agency wholly or partially supported by or expending public funds shall: (1) Agree or authorize another to agree that all or part of a litigation settlement agreement to which the agency is a party shall be kept secret, sealed, or otherwise withheld from public disclosure; or (2) Seek a court order denying public access to any court record or other document containing the terms of a settlement agreement resolving a claim by or against the agency."
[4] As my predecessor noted in Op. Att'y Gen. 2003-153, ". . . commendations written by the employer constitute the employee's employee evaluation/job performance records." Such records are not disclosable absent the occurrence of the factors necessary to meet the test for the release of job performance records. See Op. Att'y Gen. 1996-005 (where police officer resigned and was neither suspended nor terminated, any listing of awards, commendations or reprimands he received would in all likelihood not be subject to disclosure). See also, Op. Att'y Gen.1999-016 (stating that "all other records in [a personnel] file that would constitute `employee evaluation/job performance records' — both positive and negative — are disclosable only if the . . . three conditions" for release of that category of record have been met). See also, Op. Att'y Gen. 1989-368.